UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BUTCH'S BEST, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**DAN SCHANTZ FARM & GREENHOUSES, LLC,**<br><br>    Defendant. | 2:23-CV-13045-TGB-EAS<br><br>HON. TERRENCE G. BERG<br><br>**MEMORANDUM OPINION CONCERNING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**(ECF NO. 3)** |

Before the Court is Plaintiff Butch's Best, LLC's ex parte Motion for a Temporary Restraining Order against Defendant Dan Schantz Farm & Greenhouses, LLC, filed pursuant to the Perishable Agricultural Commodities Act ("PACA") as amended. 7 U.S.C. § 499a; ECF No. 1, PageID.1. The Court has jurisdiction over this matter under 7 U.S.C. § 499e(c)(5), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

Plaintiff asks the Court to issue, without notice to Defendant, a Temporary Restraining Order "freezing Defendant's assets and preventing and enjoining them from dissipating any PACA trust assets." Pl. Mot. for TRO, ECF No. 3, PageID.39. Plaintiff argues that advising Defendant of this Motion will "allow Defendant to continue to pay non-trust debts with trust assets prior to the hearing, including transferring PACA trust assets to secured creditors in order to…avoid personal

liability or favor one creditor over another." Att. Certification, ECF No. 3-4, PageID.73.

For the reasons below, Plaintiff's application for issuance of a Temporary Restraining Order will be **GRANTED.**

## I. BACKGROUND

Plaintiff is a produce grower and produce wholesaler licensed as a dealer under PACA. ECF No. 1, PageID.2; EF No. 3-2, PageID.59. Plaintiff alleges Defendant Dan Schantz Farm & Greenhouses, LLC, ("DSF") is likewise a PACA dealer. *Id.* at PageID.59. Plaintiff alleges that between August 30, 2023, and October 3, 2023, it sold and delivered "mini pumpkins, gourds, and pie pumpkins" ("Produce") worth $136,630 to Defendant. ECF No. 1, PageID.3; Pl. Ex. 1, ECF No. 1-1. Plaintiff alleges that Defendant accepted the produce without objection, (ECF No. 3-2, PageID.60), and agreed to pay the principal amount as per the parties' contract. Pl. TRO Brief, ECF No. 3-1, PageID.50. Plaintiff also alleges that "upon DSF's acceptance of the produce," PACA "expressly create[d] a statutory trust" ("PACA Trust"), for which "Butch's Best was the beneficiary[.]" *Id.* at PageID.54. Moreover, Plaintiff alleges that it preserved its interest in the PACA Trust in the amount of $136,630 by delivering invoices (Pl. Ex. 1) to Defendant containing the requisite statutory language under § 5(c)(4) of PACA. 7 U.S.C. § 499e(c)(4); Compl., ECF No. 1, PageID.3.

2

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 65, the Court may enter a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A temporary restraining order (TRO), not to exceed 14 days, may be entered without notice to the adverse party if:

> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)   the movant's attorney certifies in writing any efforts to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

In determining whether to issue a TRO, courts consider the same four factors as they would in evaluating a motion for a preliminary injunction:

> (1)   Whether the movant has shown a reasonable probability of success on the merits;
>
> (2)   Whether the movant will be irreparably harmed or injured by denial of the relief;
>
> (3)   Whether granting the preliminary relief will result in even greater harm to the nonmoving party; and
>
> (4)   Whether granting the preliminary relief will be in the public interest.

*Ram Produce Distrib., LLC v. Moceri Produce, Inc.*, No. 08-13319, 2008 WL 11355452, at *1 (E.D. Mich. Aug. 1, 2008) (Roberts, J.); *see also McGirr v. Rehme*, 891 F. 3d 603, 610 (6th Cir. 2018). But there is a

heightened emphasis on irreparable harm, as TROs are considered extraordinary remedies that run against well-recognized principles requiring "reasonable notice and an opportunity to be heard [to be] granted [to] both sides of a dispute." *Reed v. Cleveland Bd. of Ed.*, 581 F. 2d 570, 573 (6th Cir. 1978) (internal quotations omitted).

## III. DISCUSSION

Plaintiff asserts that Defendant has breached the parties' contract (Count III); committed conversion under Michigan common law and statutory law, MCL § 600.2919A (Count IV); and that Defendant—as a PACA trustee—breached its fiduciary duty to maintain the trust "so that the assets are freely available to pay produce suppliers" (Count II) and its duty to make full payment [to Butch's Best] promptly" (Count I). ECF No. 1, PageID.7-8, 10-11. Consequently, Plaintiff asks for a Temporary Restraining Order "freezing Defendant's assets and preventing and enjoining them from dissipating any…assets" until after Butch's Best receives all preserved trust benefits it is entitled to under PACA. Pl. TRO M., ECF No. 3, PageID.39.

In support of its application, Plaintiff submits a declaration from Henry DeBlouw, Managing Member of Butch's Best, LLC, and its point-of-contact handling produce sales to Defendant. DeBlouw Aff., ECF No. 3-2, PageID.60. DeBlouw certifies that Defendant accepted the produce without objection and that—despite numerous "refused and/or ignored"

4

demands made by Plaintiff—has failed to pay Butch's Best. *Id*. DeBlouw adds that "[a]t least one (1) agent of DSF has indicated to me that they believe DSF intends to seek bankruptcy protection." *Id*.

Plaintiff highlights that, "more troublingly, DSF has filed public statutory WARN notices with the [Commonwealth of] Pennsylvania…that it is closing, effective December 22, 2023."[1] ECF No. 3-1, PageID.50, 51. At least one industry publication[2] has confirmed Defendant's imminent shutdown, and a regional Allentown-based news station quotes Defendant's Managing Partner as stating: "We're in the process of selling our properties…[w]e don't have exact dates yet, but we're hope[sic] they are up and running come January[.] There's a whole lot of interest."[3]

---

[1] *See* October WARN Notices, Pa. Dep't of Labor & Indus., https://www.dli.pa.gov/Individuals/Workforce-Development/warn/notices/Pages/October-2023.aspx (last visited Dec. 4, 2023).

[2] Brian Sparks, *Top 100 Greenhouse Grower Dan Schantz Greenhouses Set to Shut Down*, Greenhouse Grower (Nov. 2, 2023), https://www.greenhousegrower.com/management/top-100-greenhouse-grower-dan-schantz-greenhouses-set-to-shut-down/ (last visited Dec. 4, 2023).

[3] Jeff Ward, *Dan Schantz Farm & Greenhouses files jobs notice, but expects business to continue with new owner*, WFMZ (Oct. 31, 2023), https://www.wfmz.com/news/insideyourtown/dan-schantz-farm-greenhouses-files-jobs-notice-but-expects-business-to-continue-with-new-owner/article_f46fc218-77fe-11ee-9099-eb920f921550.html (last visited Dec. 4, 2023).

Plaintiff meets the requirements for injunctive relief, demonstrating that immediate and irreparable loss will result before Defendant can be heard in opposition. Under the circumstances as presented, temporary restraints will suffice to prevent any further dissipation of PACA Trust funds.

### A. Likelihood of Success on the Merits

The Court finds that Plaintiff has a high probability of success on the merits. It has demonstrated Butch's Best's entitlement to payment and its status as a trust beneficiary. Plaintiff alleges in its Complaint and has shown in affidavits and other exhibits that (1) it is a licensed dealer under PACA; (2) it provided produce which has not been paid for upon request; and (3) its receipts and billings gave the appropriate notice regarding the PACA trust. *Ram Produce Distrib., LLC,* 2008 WL 11355452, at *2.

"Under PACA, sellers of produce are protected. A produce buyer's unpaid obligation becomes a trust obligation prior to and superior to any lien or security interest in inventory held by the buyer's secured lender[s]." *Sanzone-Palmisano Co. v. M. Seaman Enter., Inc.*, 986 F. 2d 1010, 1012 (6th Cir. 1993). Indeed, the PACA Trust was established to ensure payment to suppliers. *Frank M. Gargiulo & Son, Inc. v. Acai Café, LLC*, No. 23-04018, 2023 WL 4933187 at *2 (D.N.J. Aug. 2, 2023).

> Perishable agricultural commodities…and all transactions, and all inventories of food or other products derived from

6

> perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers…until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2); *see also Sanzone-Palmisano Co.*, 986 F. 2d at 1012. Butch's Best is a beneficiary of the PACA Trust, with an outstanding debt owed by DSF.

### A. Irreparable Harm

Next, the Court finds that Plaintiff will be irreparably injured without temporary restraints, as there is a likelihood that the PACA Trust funds will be further dissipated if such relief is not granted. "Under PACA, federal courts have held that dissipation of the assets of a PACA trust constitutes irreparable harm sufficient to justify injunctive relief." *Shipper Serv. Co. v. Fresh Louie's Produce Co., LLC*, No. 10-10528, 2010 WL 726242, at *2 (E.D. Mich. Feb. 24, 2010) (Hood, J.) (citing *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F. 3d 132, 139 (3d Cir. 2000), and *J.A. Besteman Co. v. Carter's Inc.*, 439 F. Supp. 2d 774, 778 (W.D. Mich. 2006)). Plaintiff has established that Defendant has failed to pay its debts and has begun to sell real property outside the ordinary course of business to meet its financial obligations. *See J.A. Besteman Co.*, 439 F. Supp. 2d at 778. "[O]nce the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery, [so]…the

7

prevention of trust dissipation becomes essential to any meaningful remedy at all." *Tanimura & Antle, Inc.*, 222 F. 3d at 139. Butch's Best, as a PACA Trust beneficiary, will suffer irreparable harm if funds continue to dissipate while it remains unpaid.

### A. Harm to Defendant

Third, the Court finds that Plaintiff has demonstrated that the possibility of harm to Defendant is minimal. Defendant has "no right to use the PACA Trust funds for any purpose other than to pay Plaintiff for the produce it received." *Ryeco, LLC v. Hurst Produce & Flowers Corp.*, No. 23-3380, 2023 WL 5822207, at *3 (E.D. Pa. Sept. 8, 2023); *see also S. Katzman Produce, Inc., v. Depiero's Farm, Inc.*, No. 12-1384, 2012 WL 764235, at *1 (D.N.J. Mar. 7, 2012) ("To that end, the entry of temporary restraints serves that purpose without harm to any cognizable interest of the Defendants.").

### A. Public Interest

As to the final factor, the public interest will be served as "Congress enacted the 1984 Amendments [to PACA] to protect what it determined to be an especially vulnerable class." *Sanzone-Palmisano Co.*, 986 F. 2d at 1013. As a produce supplier unable to obtain payment for its produce, Plaintiff is well within the class Congress seeks to protect with PACA.

### IV. CONCLUSION

For the reasons above, and under these present circumstances, Plaintiff's Motion for issuance of a Temporary Restraining Order (ECF

8

No. 3) is **GRANTED**. Accordingly, this Opinion and an accompanying Order to Show Cause for issuance of a Temporary Restraining Order will be entered. Defendant is restrained from alienating, dissipating, paying over or assigning any assets except for payment to Plaintiff until further Order of this Court, or until Defendant Dan Schantz Farm & Greenhouses pays Plaintiff the sum of $136,630 plus interest, costs, and attorney's fees.

The temporary restraints can be dissolved upon application of Defendant on at least two days' notice, for good cause shown after a hearing. The Preliminary Injunction hearing will take place on Tuesday, December 19, 2023, at 8:30 a.m. before the undersigned in Courtroom 251, United States Courthouse, West Lafayette Boulevard and Shelby Street, Detroit, Michigan. The briefing schedule is set forth in the accompanying Order.

**IT IS SO ORDERED** this 5th day of December, 2023 at 2:49 PM.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge